# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Warren W. Patterson | ) Court No.: |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Robert Diggs, Darryl Hill, | ) |
| Dennis Coles, Gary Grice, | ) |
| Jason Hunter, Elgin Turner, | ) |
| Clifford Smith, Corey Woods, | ) |
| Lamont Jody Hawkins, | ) |
| Tarik Azzougarh, | ) |
| Paddle8 NY LLC | |
| | |
| Defendants | |

# COMPLAINT

Warren W. Patterson, ("Plaintiff") by his attorney, Anthony M. Verna III, Esq., hereby files the following Complaint against Robert Diggs, Darryl Hill, Dennis Coles, Gary Grice, Jason Hunter, Elgin Turner, Clifford Smith, Corey Woods, Lamont Jody Hawkins, Tarik Azzougarh, and Paddle8 NY LLC ("Defendants").

## NATURE OF THE ACTION

1. Plaintiff seeks injunctive relief and damages for acts of copyright infringement, false designation of origin, that the Defendants engaged in in violation of the laws of the United States and the State of New York.

2. In particular, this case concerns Defendants' willful infringement of the Plaintiff's applied-for copyrights of the valuable and distinctive visual work that is Plaintiff's work, and acts of false designation of origin and false advertising in use of that visual works, passed off as Defendants' own work and creation.

3. Despite the intellectual property ownership of the Plaintiff, Defendants introduced the same visual work in the marketplace, despite lacking authorization.

4. Defendants undertook this behavior without the consent of the Plaintiff and Defendants created unauthorized copies in creating an album, selling the album, and marketing a music tour around the album.

## PARTIES

5. Plaintiff Warren W. Patterson is an adult individual who is a citizen of the United Kingdom residing at 36 Bellingham Road, London, SE6 2PT, United Kingdom.

6. Upon information and belief, Defendant Robert Diggs is an adult individual residing at 12 Mustang Ln., Bell Canyon, CA 91307, or 29 Deer Trail Dr., Millstone Township, NJ 08535.

7. Upon information and belief, Defendant Darryl Hill is an adult individual residing in at either 3601 Dorchester Rd., Baltimore, MD 21215, or 8218 Consett Ct., Severn, MD 21144.

8. Upon information and belief, Defendant Dennis Coles is an adult individual residing at 5724 NW 50th St., Coral Springs, FL 33067, or 90 Alton Rd., Miami Beach, FL 33139.

9. Upon information and belief, Defendant Gary Grice is an adult individual residing at either 444 Washington Blvd., Apt., 5529, Jersey City, NJ 07310, or 727 Black Horse Pike, Pleasantville, NJ 08232.

10. Upon information and belief, Defendant Jason Hunter is an adult individual residing at either 49 Campbell St., South Plainfield, NJ 07080, or 44 Mascot St., Dorchester Center, MA 02124.

11. Upon information and belief, Defendant Elgin Turner is an adult individual residing at 745 Harbortown Blvd., Perth Amboy, NJ 08861.

12. Upon information and belief, Defendant Clifford Smith is an adult individual residing at 48 Covington Circle, Staten Island, NY 10312, or 145 Wellington Ct., Apt. 1A, Staten Island, NY 10314.

13. Upon information and belief, Defendant Corey Woods is an adult individual residing at 3000 Marcus Ave., Ste. 3W4, New Hyde Park, NY 11042, or 3002 Gaston Circle SE, Marietta, GA 30067.

14. Upon information and belief, Defendant Lamont Jody Hawkins is an adult individual residing at 82 Park Hill Ct., Staten Island, NY 10304, or 304 Castle Cove Terrace, Edgewater, NJ 07020, or 7912 River Rd., Apt. 503, North Bergen, NJ 07047.

15. Upon information and belief, Defendant Tarik Azzougarh is an adult individual residing in Marrakech, Morocco.

16. Paddle8 NY LLC is a New York limited liability company with a principal executive office at 30 Cooper Square, 4th Floor, New York, NY 10003.

## JURISDICTION AND VENUE

17. Plaintiff repeats and realleges Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Defendants are residents of the State of New York or corporate entities headquartered in the State of New York or do business in New York.

19. Jurisdiction in this Court is proper pursuant to Fed. R. Civ. Proc. 7, 28 U.S.C. §1331 and 1338(a), and 28 U.S.C. § 1367.

20. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 504.

21. This Court has subject matter jurisdiction pursuant to 17 U.S.C. §1202.

22. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§1114(1) and (2).

23. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1117.

24. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1125.

25. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

26. This Court has personal jurisdiction over Defendants, which have purposefully availed themselves of the laws of the State of New York by inhabiting and/or headquartering their businesses, marketing, and sales of goods bearing copies of the Plainitff's copywritten photograph, within the State of New York, including *via* the Internet.

27. Upon information and belief, Defendants Robert Diggs, Tarik Azzougarh, and/or Paddle8 caused the infringing copies of the Plaintiff's works to be delivered to a law office in New York County, New York by mail or courier service to be picked up by a purchaser named Martin Shkreli.

28. Defendants Diggs and Azzougarh have transacted business within the State of New York by contracting with Mr. Shkreli to provide the infringing copies to Mr. Shkreli in New York.

29. Upon information and belief, Defendants have transacted business within the State of New York by contracting with Paddle8 to distribute copies of Mr. Patterson's work.

30. Upon information and belief, Defendants have derived substantial revenues from their infringing acts occurring within the State of New York and within this District.

31. Upon information and belief, all Defendants have worked in the State of New York, derived substantial revenues from their work in New York and other acts occurring within the State of New York and within this District.

32. The Court has diversity jurisdiction over the matter, because the Plaintiff and Defendants come from different jurisdictions pursuant to 28 U.S.C. §1332(a)(1).

33. Venue in this Court is proper pursuant to 15 U.S.C. §1071(b)(4).

34. Venue in this Court is proper pursuant to 28 U.S.C. §1391.

35. Venue in this Court is proper pursuant to 15 U.S.C. §§2064 and 2073.

## BACKGROUND AND FACTS

36. Plaintiff repeats and realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Plaintiff is an individual whose photography is known worldwide.

38. Plaintiff's photography business spans from London to Marrakech, Morocco.

39. Plaintiff created a photograph named IMG_1546_RF3 and is the author of the photograph along with other similar works ("Plaintiff's Work"). See **EXHIBIT A**.

40. Plaintiff filed the copyright applications on its IMG_1546_RF3 photograph and other similar works on September 12, 2017, as case number 1-5811297812 ("Plaintiff's Copyright"). See **EXHIBIT B**.

41. Plaintiff's Work contains metadata. See **EXHIBIT C** for an example of the metadata included.

42. In October 2013, John Rouach and Defendant Azzougarh asked Plaintiff to create a photograph of a nickel-silver casing.

43. This casing was created by Yahya Creation, a division of the Yahya Group.

44. Upon information and belief, the Yahya Group and Yahya Creation are companies organized under the laws of Morocco.

45. Plaintiff created the photograph as an independent contractor, a freelancer who was able to make his own decisions as to the creation of the work.

46. No written contract was made between the Plaintiff and Defendant Azzougarh, Mr. Rouach, Yahya Creation or the Yahya Group.

47. See **EXHIBIT D** for examples of e-mail exchanges between Plaintiff and Mr. Rouach and Defendant Azzougarh.

48. Between October 31, 2013 and November 28, 2013, Plaintiff spent over 50 hours at the offices of Mr. Rouach, Yahya Creation and the Yahya Group creating many photographs related to and derived from Plaintiff's copyrighted photo.

49. In or around June 10, 2014, Defendant Azzougarh requested more photographs from the Plaintiff.

50. In or around June 17, 2014, Plaintiff spent over 30 hours at the offices of Mr. Rouach, Yahya Creation, the Yahya Group, and The Royal Mansour Hotel creating many photographs related to and derived from Plaintiff's Work.

51. Defendant Azzougarh, Mr. Rouach, Yahya Creation and the Yahya Group did not pay Plaintiff for the photography work performed.

52. Defendants, collectively and individually, have created an album called "Once Upon a Time in Shaolin", an album whose cover art uses Plainitff's Work.

53. Defendants, collectively and individually, are advertising the sale of the infringing products on the website of Defendant Paddle8.  See **EXHIBIT E**.

54. Defendants, collectively and individually, are advertising the sale of the infringing products on the website of scluzay.com.  See **EXHIBIT F**.

55. Defendants have also used Plaintiff's Work to market and advertise other services of the Defendants, such as, but not limited to, musical concerts and tours.

56. Defendants, collectively and individually, are creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products without the authorization of Plaintiff or license from Plaintiff.

## COUNT I
### (Copyright Infringement)

57. Plaintiff repeats and realleges Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. The Defendants are creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products in the same design as the Plaintiff's Work without the authorization of Plaintiff or license from Plaintiff.

59. All of the Defendants' infringements occurred subsequent to the date of registration of the Plaintiff's Copyright.

60. As a result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

61. The conduct of Defendants is causing, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law.

62. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights.

## COUNT II
### (Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202))

63. Plaintiff repeats and realleges Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, in the form of metadata, on the copy of at least Plaintiff's copyrighted photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

65. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

66. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## COUNT III
### (Vicarious Copyright Infringement)

67. Plaintiff repeats and realleges Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. The reproduction of, distribution of, and creation of derivative works from the Plaintiff's Work constitutes the direct infringement of Plaintiff's Work and Plaintiff's Copyright.

69. Upon information and belief, the Defendants derive a direct financial benefit from this infringement, including without limitation revenue sharing and/or royalty payments for each infringing version sold.

70. Upon information and belief, the Defendants have the right and ability to supervise the activities of those engaged in the infringement, including without limitation contractual rights, license agreement(s), and/or approval rights.

71. Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of the Plaintiff.

72. As a result of Defendants' acts as set forth herein, Plaintiff has suffered and continues to suffer substantial damage to his business including, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, none of which may be fully ascertained at this time. The Defendants have also unlawfully profited from their infringement, constituting actual damages not yet fully ascertainable but expected to be sufficiently established through discovery.

## COUNT IV
### (Contributory Infringement)

73. Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1-72 above.

74. The infringement, including without limitation the reproduction of, distribution of, and creation of derivative works from the Plaintiff's Work constitutes the direct infringement of Plaintiff's Work and Plaintiff's Copyright.

75. Upon information and belief, Defendants had constructive knowledge that the infringement violated Plaintiffs' rights.

76. Upon information and belief, Defendants had actual knowledge that the infringement violated Plaintiffs' rights.

77. Upon information and belief, Defendants induced, caused, and/or materially contributed to the direct infringement of Plaintiffs' work that occurs in the infringement by, among other things, commissioning and/or licensing the electronic versions of the Plaintiff's photograph, and providing galley proofs or similar high-quality source material for rendition into electronic format.

78. Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiff.

79. As a result of Defendants' acts as set forth herein, Plaintiff has suffered and continues to suffer substantial damage to its business including, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, none of which may be fully ascertained at this time. The Defendants

have also unlawfully profited from their infringement, constituting actual damages not yet fully ascertainable but expected to be sufficiently established through discovery.

## COUNT V
### (Vicarious Copyright Infringement)

80. Plaintiff repeats and realleges the allegations of paragraphs 1-79 as if fully set forth herein.

81. At all times material hereto, Defendants had the right and ability to supervise the infringement of Plaintiff's Work and had a direct financial interest in that infringement.

82. Upon information and belief, Defendants have derived and continue to derive substantial and direct financial benefit from the infringement of Plaintiff's Work.

83. Defendants' actions alleged herein constitute vicarious copyright infringement in violation of the Copyright Act, 17 U.S.C. §§101 *et seq*.

84. The conduct of Defendants, and each of them, was intentional, willful, malicious, fraudulent and calculated to injure Plaintiff and infringe Plaintiff's Work.

85. As a result of the copyright infringements described above, Plaintiff is entitled to relief including but not limited to, injunctive relief, actual or statutory damages in the maximum amount allowed by law, statutory costs, and attorney's fees.

## COUNT VI
### (False or Misleading Representation of Fact)

86. Plaintiff repeats and realleges paragraphs 1-85 set forth above as if the same were fully set forth herein.

87. Plaintiff's claim arises under section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)(1).

88. The Lanham Act creates a cause of action of misattribution or for a false or misleading representation of fact which deceives as to a relationship, sponsorship, or approval.

89. As above stated, Plaintiff owns all intellectual property rights in and to Plaintiff's Work, including rights under Section 43(a) of the Lanham Act.

90. The use of Plaintiff's Work in connection with and association with Defendants' Album or advertising thereof is a false description and representation that Plaintiff's Work is sponsored by, or otherwise affiliated with Defendants or that Defendants received authorization from Plaintiff to act as his agent for the licensing or that he was their employee.

91. Said acts are in violation of 15 U.S.C. §1125(a) in that Defendants are using false or misleading attribution of fact, which is likely to cause confusion or to deceive as to affiliation, connection or association as to sponsorship or approval and has caused such goods to enter into or affect interstate commerce.

92. Plaintiff believes that he is and is likely to be respectively damaged by such false description and representation by reason of the likelihood that clients, customers, or viewers of Plaintiff's Work will be confused as to the true source, sponsorship or affiliation.

93. Defendants have used and continue to use in connection and association with their own services and goods in interstate commerce; false representations of association with Plaintiff without license or authorization from Plaintiff.

94. Defendants' products and services are targeted to the exact same consumers, subscribers, clients and licensees as Plaintiff and the Defendants provide exactly the same services to Plaintiff's competitors, as does Plaintiff.

95. Defendants' misrepresentation of fact is intentionally designed to deceive, and has deceived, consumers and customers, subscribers and clients that Plaintiff's Work is authorized and licensed for use or otherwise approved by Plaintiff for use by Defendants.

96. As a direct and proximate result of Defendants, the public is likely to be confused as to the origin and source of Defendants' products and relationship to Plaintiff and/or believe that Defendants are licensed, sponsored or otherwise authorized by Plaintiff to offer Plaintiff's Work, when they are not.

97. The public is also likely to be confused as to the authorship of Plainitff's Work based on the misattribution and implication of misattribution by Defendants.

98. Defendants blatant and continuing use of the affiliation to Plaintiff's Work constitutes willful and intentional violation of the Lanham Act sec 43(a)-including unfair competition.

99. As a direct result of Defendants' willful infringement and misrepresentation of fact, Plaintiff is entitled to enhanced damages as provided by law.

100.  As a direct and proximate result thereof, Plaintiff is entitled to injunctive relief enjoining and restraining Defendants from use of the Plaintiff's Work.

101.  Plaintiff has no adequate remedy at law.

## COUNT VII
**(False Advertising)**

102.  Plaintiff repeats and realleges paragraphs 1 through and including 101 set forth above as if the same were fully set forth herein.

103. Plaintiff's claim arises under the Lanham Act, 15 U.S.C. §§1125(a)(2).

104. Defendants, with intent to deceive, have made material, false and misleading descriptions or misrepresentations of fact concerning Plaintiff's Work in their marketing and in their album art by giving the clear but false impression that Plaintiff licensed or otherwise authorized Defendants to reproduce, display, sell, and distribute Plaintiff's Work stolen from him, and that Plaintiff has licensed or endorsed Defendants and be to reproduce, license, or otherwise distribute, sell, and market and promote the album that infringes Plaintiff's Work and Plaintiff's Copyright.

105. Defendants' conduct is willful, deliberate, intentional and in bad faith.

106. Defendants' false and misleading representations about Plaintiff's Work including the misrepresentation as to the authorship and use in Defendants' album therein have deceived or are likely to deceive a substantial segment of the intended audience and have caused and continue to cause Plaintiff actual injury.

107. This willful confusion continued and continues because Defendants represent themselves as the licensor of Plaintiff's Work and continue to use Plaintiff's Work in its advertising, promotion, and marketing of Defendants' album and related work.

108. Plaintiff's Work and the advertising and promotion therefore are being displayed and distributed in interstate commerce.

109. As a direct and proximate result of Defendants false and misleading representations, Plaintiff has been damaged in an amount unknown at present and to be proved at trial.

110. Plaintiff is entitled to treble damages based on the bad faith and willful conduct of Defendants.

111. Plaintiff has suffered and, unless Defendants are enjoined, will likely continue to suffer irreparable injury by reason of the false and misleading claims made by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1. Permanently enjoin Defendant from using the Plaintiff's Work in any capacity in connection with any goods;

2. Permanently enjoin Defendant from creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, and selling any product that infringe upon the Plaintiff's Work in any capacity;

3. Adjudge that Plaintiff recover from Defendant its damages in an amount to be determined at trial;

4. Adjudge that Defendants be required to account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded three times Defendant's profits under 15 U.S.C. §1117;

5. Adjudge that Defendants be required to account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded those revenues and profits under 17 U.S.C. § 504 and 17 U.S.C. §1203;

6. Adjudge that Defendants are liable for statutory damages under 17 U.S.C. § 504 and 17 U.S.C. §1203;

7. Adjudge that Defendants are liable for $1,000,000 per willful counterfeit trademark use under 15 U.S.C. §1117;

8. For costs of suit including reasonable attorneys' fees and disbursements under 17 U.S.C. § 505;

9. To impound all infringing materials and to destroy all infringing materials under 17 U.S.C. § 503;

10. To restrain Defendants from manufacturing for sale, offering for sale, distributing in commerce, or importing any products similar to the Plaintiff's Work, Plaintiff's Copyright pursuant to 15 U.S.C. §2071; and

11. Grant any other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues so triable.

Dated: April   10  , 2018

                                                  Anthony M. Verna III, Esq.
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580
Attorney for Plaintiff
Warren W. Patterson

Anthony M. Verna III, Esq.
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580

### IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Warren W. Patterson | ) Court No.: |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Robert Diggs | ) |
| Tarik Azzougarh | ) |
| Paddle8 NY LLC | ) |
| | ) |
| | ) |
| Defendants | ) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __ day of April 2018, a copy of the foregoing Complaint was served via _____, on the following:

Respectfully submitted,

Dated this April _____, 2018

_____
Anthony M. Verna III, Esq.
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580