UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WARREN W. PATTERSON,

                              Plaintiff,

v.                                                            <u>ORDER</u>

ROBERT DIGGS, et al.,                         18-cv-03142 (PMH)

                              Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      This Court has given plaintiff numerous opportunities since May 28, 2020 to utilize the procedures set forth in the Court's Individual Practices and seek a default judgment against Paddle8, Inc., if he believes service was properly and validly effectuated upon that last remaining defendant in this action. (Docs. 114, 122). Indeed, the Court discussed the subject with plaintiff's counsel during two separate telephone conferences on May 28, 2020 and February 16, 2021. To date, he has not done so. Instead, plaintiff has requested the Court either substitute an entity in ongoing bankruptcy proceedings, P8H Inc., for defendant Paddle8, Inc.; permit an amendment to his complaint to add P8H Inc. as a party herein; or stay this action pending the outcome of P8H Inc.'s bankruptcy proceedings. (Docs. 118, 120, 123, 125).

      The Court has requested numerous times that plaintiff provide authority for the relief requested in light of the automatic bankruptcy stay which would ordinarily preclude the Court from substituting the defendant herein with an entity in ongoing bankruptcy proceedings. (Docs. 119, 121). The Court has also requested that plaintiff provide authority for extending a bankruptcy stay to an entity that is not the named debtor entity in the bankruptcy proceedings. (Doc. 124). To date, plaintiff has not addressed the impact of P8H Inc.'s pending bankruptcy proceeding on this Court's authority to substitute parties in light of the automatic stay imposed by 11 U.S.C. § 362,

nor provided any relevant authority for extending the bankruptcy stay to the defendant herein; nor has he taken any steps to otherwise prosecute this action against the last remaining defendant.

The Court has warned plaintiff that failure to comply with its Orders will result in the dismissal of this case (Docs. 122, 124), and discussed same with plaintiff's counsel during the February 16, 2021 telephone conference. Despite numerous invitations to move this case along, plaintiff has not sought a default judgment, nor has he provided the Court any authority to take the actions requested by plaintiff concerning P8H Inc. The Court will give plaintiff one more opportunity to take such steps that are necessary to prosecute his case.

Plaintiff is thus directed, by March 15, 2021, to either: (1) seek a default judgment against Paddle8, Inc. pursuant to the Court's current Individual Practices; (2) brief the Court with relevant and binding authority to support the propriety of staying this action against Paddle8, Inc., an entity that does not appear to be a debtor in any bankruptcy proceedings, pending the outcome of the bankruptcy proceedings of P8H Inc.; or (3) brief the Court with relevant and binding authority to support the propriety of substituting Paddle8, Inc., the defendant herein, with an entity currently in bankruptcy proceedings despite the automatic stay in effect as to P8H Inc. Should plaintiff fail to comply with this Court's Order, this case will be dismissed for failure to prosecute.

SO-ORDERED:

Dated: White Plains, New York
       March 1, 2021

_____
Philip M. Halpern
United States District Judge