```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WARREN W. PATTERSON,

                        Plaintiff,
v.                                                              ORDER

ROBERT DIGGS, et al.,                                     18-cv-03142 (PMH)

                        Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

The numerous opportunities given to plaintiff since May 28, 2020 to prosecute this matter are well documented on the electronic docket. Despite the Court's many Orders directing plaintiff to prosecute its case against the sole remaining defendant who has never appeared in the action, plaintiff has simply failed to comply. (*See, e.g.,* Docs. 114, 122, 131).

In the most recent of such orders, dated March 1, 2021, the Court gave plaintiff options to aid in moving this case along, namely "either: (1) seek a default judgment against Paddle8, Inc. pursuant to the Court's current Individual Practices; (2) brief the Court with relevant and binding authority to support the propriety of staying this action against Paddle8, Inc., an entity that does not appear to be a debtor in any bankruptcy proceedings, pending the outcome of the bankruptcy proceedings of P8H Inc.; or (3) brief the Court with relevant and binding authority to support the propriety of substituting Paddle8, Inc., the defendant herein, with an entity currently in bankruptcy proceedings despite the automatic stay in effect as to P8H Inc." (Doc. 131). Plaintiff appeared to have chosen the first option when on March 15, 2021, it sought a Clerk's Certificate of Default against Paddle 8, Inc. (Docs. 132-134). The Clerk's Certificate of Default was issued on March 16, 2021. (Doc. 135). No further action was taken by plaintiff. To date, plaintiff has not utilized

the procedures set forth in the Court's Individual Practices to seek a default judgment against Paddle8, Inc., as was clearly and repeatedly directed by the Court.

Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution…." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015). Failure to prosecute may be demonstrated by "an action lying dormant with no significant activity to move it or [by] a pattern of dilatory tactics including groundless motions, repeated requests for continuances or persistent late filings of court ordered papers over a period of months or years." *Santangelo v. Valenti*, No. 90-CV-7415, 1996 WL 665635, at *3 (S.D.N.Y. Nov. 15, 1996), *aff'd*, 129 F.3d 114 (2d Cir. 1997) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982)).

While the Second Circuit has found that dismissal pursuant to Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), dismissal nonetheless may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestions in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in

> receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of N.Y.*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Court finds that dismissal of plaintiff's claims pursuant to Rule 41(b) is appropriate. Plaintiff has repeatedly failed to comply with the Court's Orders over many months, beginning with the Court's directive over one year ago to comply with its Individual Practices and file its motion for a default judgment in accordance therewith (Doc. 114), and continuing until its most recent Order almost three months ago (Doc. 131). Plaintiff was amply put on notice that failure to comply with the Court's Orders would result in dismissal of his action (Docs. 122, 124, 131 ("The Court will give plaintiff one more opportunity to take such steps that are necessary to prosecute his case. . . . Should plaintiff fail to comply with this Court's Order, this case will be dismissed for failure to prosecute.")), and discussed same with plaintiff's counsel during the February 16, 2021 telephone conference. On balance, dismissal is appropriate as the effort dedicated to this action has caused a burden on the Court's docket. *Mahoney v. City of N.Y.*, No. 12-CV-6717, 2013 WL 5493009 at *2 (S.D.N.Y. Oct. 1, 2013) ("Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner.").

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Indeed, the Court gave plaintiff numerous opportunities to prosecute its action, including a discussion with counsel and Orders

providing plaintiff with options to proceed herein. Ultimately, plaintiff chose its path and that path leads to dismissal of this action pursuant to Rule 41(b).

For the foregoing reasons, the Court *sua sponte* DISMISSES the action pursuant to Federal Rule of Civil Procedure 41(b) without prejudice. The Clerk of the Court is directed to terminate this action.

SO-ORDERED:

Dated: White Plains, New York
       June 22, 2021

_____
Philip M. Halpern
United States District Judge